IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY SCANLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLOYD BONNER, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:22-cv-2023-SHM-tmp |

**ORDER DISMISSING CASE WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND**

On January 14, 2022, Plaintiff Michael Anthony Scanlan, booking number 21110794, who was then incarcerated at the Shelby County Criminal Justice Center ("SCJC") in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On January 21, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1914, *et seq.* (ECF No. 4.)

The Complaint is construed to allege claims of unconstitutional conditions of confinement. Plaintiff alleges that, while in custody from August 11, 2021 until January 5, 2022, Plaintiff was "never given an opportunity" for recreation and that the "[f]acility has allowed other inmates to have physical [r]ecreation inside and outside of this [f]acility." (ECF No. 1 at PageID 18.) Plaintiff alleges that he has spent most of his time in solitary confinement. (*Id.*)

Plaintiff sues the following Defendants: (1) Floyd Bonner; (2) Kirk Fields; and (3) the Shelby County Sheriff's Department. (*Id.* at PageID 17-18.) Plaintiff requests two hundred thousand dollars ($200,000.00) in "monetary" and punitive damages. (*Id.* at PageID 19.)

The Complaint (ECF No. 1) is before the Court for screening.

For the reasons explained below: (1) the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and (2) leave to amend the Complaint is **GRANTED**.

## I.   LEGAL STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under those standards, the Court accepts as true the complaint's "well-pleaded" factual allegations and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the

pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint because "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create [Plaintiff]'s claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants").

## II.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Plaintiff sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 17.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons explained below, Plaintiff fails to allege sufficient facts demonstrating a claim to relief under § 1983.

## III. ANALYSIS

### A. Shelby County Sheriff's Department

It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010); *see Grace v. City of Ripley, Tennessee*, No. 2:16-cv-02395-JPM-dkv, 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) (same).

Sheriff's departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005); *accord Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010); *Duck v. Madison Cnty. Sheriff's Dep't*, No. 1:17-CV-01043-JDB-egb, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases).

Plaintiff has failed to state a claim against the Shelby County Sheriff's Department.

### B. Bonner & Fields

Plaintiff does not specify whether he is suing the Defendants in their official or individual capacities. The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The official capacity claims in Plaintiff's complaint are

4

treated as claims against Bonner and Fields' employer — Shelby County. *See Jones v. Union Cty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Shelby County may be held liable *only* if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't of Soc. Servs of City of New York*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Plaintiff does not allege that he has been deprived of a right because of a Shelby County policy or custom. Plaintiff instead seeks relief based on his general allegations about solitary confinement and deprivation of recreation. Although civil rights plaintiffs are not required to plead facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the complaint in this case fail to identify an official policy or custom of Shelby County that injured Plaintiff.

5

Plaintiff does not state a claim against Shelby County or against any Defendant in his or her official capacity.

The Complaint filed against Bonner and Fields, in their official capacity, and Shelby County is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts demonstrating a claim to relief.

IV.    **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the Complaint under the conditions set forth below.

6

## V.  CONCLUSION

For the reasons explained above:

A.  The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

B.  Leave to amend the Complaint is **GRANTED**.  An amended pleading must be filed within twenty-one (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this  *2nd*  day of January, 2025.

>                                                    /s/ *Samuel H. Mays, Jr.*
>                                                    SAMUEL H. MAYS, JR.
>                                                    UNITED STATES DISTRICT JUDGE